UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALICIA HOPE JOHNSON                                                    CIVIL ACTION

VERSUS                                                                 NUMBER: 14-2466

CAROLYN W. COLVIN,                                                     SECTION: "N"(5)
ACTING COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Presently before the Court is Defendant's motion to dismiss or, alternatively, motion to transfer venue. (Rec. doc. 19). Plaintiff has filed no memorandum in opposition to Defendant's motion. For the reasons that follow, it will be recommended that the alternative relief requested by Defendant be granted and that this matter be transferred to the United States District Court for the Middle District of Louisiana.

On October 27, 2014, Plaintiff, through counsel, filed the above-captioned lawsuit seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration denying her application for Social Security Benefits. (Rec. doc. 1). The statute allowing for such lawsuits provides that those actions may be brought ". . . in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, . . ." 42 U.S.C. §405(g). Title 28 U.S.C. §1406(a) further allows a district court in which is filed a case laying venue in the wrong district to transfer said case to any district or division in which it could have been brought. Such transfers may be granted upon motion or even *sua sponte*. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

In her complaint, Plaintiff recites that she ". . . is a resident of West Baton Rouge Parish, Louisiana." (Rec. doc. 1, p. 1). The Parish of West Baton Rouge is situated within the geographical confines of the Middle District of Louisiana. 28 U.S.C. §98(b). As Plaintiff indicates in her application to proceed *in forma pauperis* that she is presently not employed (rec. doc. 6, p. 1), she obviously has no principal place of business in this District, making the Middle District of Louisiana the appropriate venue. It will therefore be recommended that this matter be transferred to the United States District Court for the Middle District of Louisiana.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendant's motion be granted and that this matter be transferred to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this   3rd   day of          May          , 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

2